UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITH DAVID HOUSTON ,<br><br>                        Petitioner,<br><br>     v.<br><br>WILLIAM SANDIE, *et al.*,<br><br>                        Respondents. | Case No. 3:16-cv-00485-MMD-VPC<br><br>ORDER |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Keith David Houston, a Nevada prisoner. Petitioner has filed a motion for leave to proceed *in forma pauperis* and a financial certificate (ECF No. 1) which show that he is unable to pay the filing fee of $5.00 required to initiate this action. Accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court notes that petitioner has a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Houston v. McDaniel, et al.*, 3:94-cv-00735-HDM-RAM. In that proceeding, the court dismissed the petition with prejudice based on a finding it was barred by laches due to petitioner waiting eleven years after his conviction had become final to file his federal petition. ECF No. 36, 3:94-cv-00735-HDM-RAM.

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior

application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

The dismissal of a federal petition on the ground of untimeliness is a determination "on the merits" for purposes of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). The claims in the current petition are claims that either were or could have been raised in the earlier petition. Petitioner has not made a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. More importantly, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition filed herein. The petition must be dismissed.

*Certificate of Appealability*

If petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In

1  addition, when a § 2254 petition is denied on procedural grounds, a certificate of
2  appealability should issue only when the petitioner shows that reasonable jurists "would
3  find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
4  *McDaniel*, 529 U.S. 473, 484 (2000).

5  Petitioner has not made the necessary showing. Thus, the Court denies a
6  certificate of appealability.

7  It is therefore ordered that petitioner's motion for leave to proceed *in forma*
8  *pauperis* (ECF No. 1) is granted. The Clerk will file the petition and accompanying
9  motions submitted with the *in forma pauperis* motion.

10  It is further ordered that the petition for writ of habeas corpus is dismissed for
11  lack of jurisdiction. The Clerk will enter judgment accordingly. In addition, the Clerk will
12  add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet and electronically
13  serve respondents with a copy of this order and the habeas petition.

14  It is further ordered that a certificate of appealability is denied.

15  It is further ordered that petitioner's motion for appointment of counsel and
16  motion to extend the copywork limit are denied as moot.

17  DATED THIS 6th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE